IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SOKOMAREY MEAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION No. H-12-0571 |
| § | |
| BANK OF AMERICA, N.A., § | |
| SUCCESSOR BY MERGER TO § | |
| BAC HOME LOANS SERVICING, LP, § | |
| FKA COUNTRYWIDE HOME LOANS § | |
| SERVICING, LP, § | |
| § | |
| Defendant. § | |

MEMORANDUM AND ORDER

Pending is Defendant Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP's ("Defendant") Motion to Dismiss (Document No. 6). After carefully considering the motion, response, reply, and applicable law, the Court concludes as follows.

I. Background

In March 2008, Plaintiff Sokomarey Meas ("Plaintiff") executed a Texas Home Equity Note ("Note") in favor of Countrywide Bank ("Countrywide") for an extension of credit, secured by a lien on Plaintiff's homestead executed contemporaneously.[1] Plaintiff's complaint alleges that "Defendant and its agents have claimed it is

---

[1] Document No. 1-1 ¶ 7.

the current owner and/or mortgagee. In that role, Defendant and other parties asserting to be acting on behalf of Defendant have collected payments from Plaintiff, threatened foreclosure, and disparaged Plaintiff's credit."[2] Plaintiff also alleges that Defendant purports to be the current owner, holder, mortgagee, and servicer of the Note.[3] Plaintiff states that on December 20, 2011, Plaintiff's counsel sent Defendant a notice letter (Request for Validation, or "RVD") requesting, among other things, that Defendant "disclose and specify the owner of the obligation and/or master servicer."[4] As of the time this lawsuit was filed, Plaintiff's counsel had not received a response to the RVD.[5] Plaintiff alleges that a title examination of Harris County's real

---

[2] Id. ¶ 17.

[3] Id. ¶ 15.

[4] Id. ¶ 9, ex. C. Plaintiff attaches a copy of this letter, as well as the Note and Deed of Trust, among other documents. The Court may look to these documents, attached in the pleadings, as well as those documents attached to Defendant's motion, which include the Note, Deed of Trust and other loan documents, in considering the motion to dismiss. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000) (noting that a court may look to documents attached to the pleadings in considering a motion to dismiss, and further that "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim'" (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)).

[5] Document No. 1-1 ¶ 10.

property records shows no evidence of Defendant's ownership.[6] Plaintiff further claims that a search of the Mortgage Electronic Registration System ("MERS") showed that Federal National Mortgage Association ("Fannie Mae") is the owner of the Note.[7] Plaintiff claims that even if Defendant is determined to be the beneficiary of the Deed of Trust, Defendant still does not hold the Note and thus does not have standing to foreclose.[8] Plaintiff seeks declaratory relief specifying Plaintiff's and Defendant's rights and duties in connection with the Note, and a permanent injunction to prevent Defendant from entering and taking possession of the Home, attempting to foreclose upon the Home, and attempting to purchase, transfer, assign or collect on the Mortgage.[9] Additionally, Plaintiff alleges that the home equity loan was executed in violation of several provisions of the Texas Constitution, art. XVI, § 50(a)(6), of which Plaintiff notified Defendant but which Defendant has not cured.[10] Plaintiff seeks a declaratory judgment finding that because of these uncured

---

[6] Id. ¶ 14, ex. D.

[7] Id. ¶ 15, ex. E & ex. F. The Deed of Trust designates Mortgage Electronic Registration Systems, Inc. ("MERS") and its successor and assigns as the "beneficiary under this Security Instrument" and as "nominee for Lender and Lender's successors and assigns." Id., ex. B (hereinafter "Deed of Trust") at (E).

[8] Document No. 1-1 ¶ 16.

[9] Id. ¶¶ 22-24, 26-29.

[10] Id. ¶¶ 18-21.

violations Defendant forfeits all principal and interest on the Note and that all liens relating to the Note are void.

## II. Discussion

A.  Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

B.  Analysis

   1.  Texas Constitutional Claims

Plaintiff alleges that, "[a] forensic audit of the loan documents revealed a number of violations of Texas Constitution Art. XVI, § 50(a)(6)."[11] Specifically, Plaintiff alleges that five loan documents (the Note, the Notice of Right to Cancel, the Loan Application Disclosure, the Discount Point Acknowledgment, and the Receipt of Documents) "were left blank" in contravention of Texas Constitution, art. XVI, § 50(a)(6)(Q)(iii), which requires that the loan must be made on the condition that "the owner of the homestead not sign any instrument in which blanks relating to substantive terms are left to be filled in."[12] Plaintiff also claims that the Plaintiff and Countrywide did not execute an acknowledgment as to

---

[11] Document No. 1-1 ¶ 18.

[12] Id.

the fair market value of the property on the date the credit was extended and that Plaintiff did not receive a final copy of the loan application, both of which are required under the Texas Constitution.[13] TEX. CONST. art. XVI, § 50(a)(6)(Q)(v),(ix).

A comparison of the Note Plaintiff attaches to her pleading with the Note attached to Defendant's motion shows that they are identical in every respect except that Plaintiff appears not to have signed her duplicate copy of the Note.[14] Importantly, there are no blanks relating to any substantive term of the Note--on either copy--that were not filled in. Thus, the blanks filled in on the Note show the date of the Note, the property address (including City and State) for which the credit was extended, the principal amount of the loan, the identity of the lender, the interest rate, the day of the month upon which each monthly payment is to be made, the date that the first monthly payment is due, where payments are to be made, the final maturity date of the Note, the amount of each monthly payment, and the amount of late charge for an overdue payment.[15] On both exemplars of the Note there is printed in bold-faced type and in all capital letters, just above

---

[13] Id.

[14] *Compare* Document No. 1-1, ex. A *with* Document No. 6, ex. A.

[15] Id.

the signature line where Plaintiff signed the Note, the following sentence:

> **DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT.**

Plaintiff's formulaic assertion of the elements of the Texas Constitution proviso does not state a claim upon which relief can be granted when nothing specific is alleged and the Note attached to the pleadings shows that nothing was left blank relating to any of the substantive terms of the Note. Twombly, 127 S. Ct. at 1964-65.

Plaintiff did not attach to her Complaint the other four documents claimed to have had substantive blanks, but Defendant did do so. Thus, an examination of the Notice of Right to Cancel, the Loan Application Disclosure, the Discount Point Acknowledgment, and the Receipt of Documents to the pleadings all show the Plaintiff's signature and on none of the documents are there any blanks that have not been filled in relating to substantive terms.[16] Plaintiff signed the Receipt of Documents acknowledging her receipt of copies of at least a dozen listed documents and specifically referring to compliance with the Texas Constitutional proviso as follows:

> I acknowledge that I have received a copy of all the documents I signed at closing in connection with the extension of credit on my homestead property under

---

[16] Document No. 6, ex. B.

7

Section 50(a)(6), Title XVI of the Texas Constitution, including the following:

[Documents all listed.]

Plaintiff acknowledged receiving copies of all documents and *immediately* above her signature is printed the following specific acknowledgment:

> I further acknowledge that I did not sign any documents which contained any blanks.[17]

Defendant also attaches to its motion a copy of the Acknowledgment as to Fair Market Value, which is signed by both Plaintiff Meas and the Lender's representative, and in which Plaintiff acknowledged that the fair market value of her home on the date that the loan closed was $255,000.00.[18]  Plaintiff has not pled any facts identifying any substantive blank having been left open, and the documents themselves conclusively demonstrate the absence of a factual basis for Plaintiff's conclusory allegations that the Texas Constitution was violated when she received the credit for which she applied.  Plaintiff therefore has failed to allege facts that "raise[s] her right to relief above the speculative level." Twombly, 127 S. Ct. at 1964-65.

---

[17] Id., ex. C.

[18] Id., ex. D.

2. <u>Declaratory Judgment and Injunction Claims</u>

Plaintiff contends that Defendant is not the original lender under the Note and that, although Defendant has asserted to Plaintiff that it is the owner of the Note and servicer of the Deed of Trust, it has not produced an assignment to show either that it is the Noteholder or otherwise has the right to foreclose on the lien. Furthermore, Plaintiff alleges that a search of the MERS database, which was identified as the Lender's nominee and beneficiary of the Deed of Trust when it was executed, shows that Fannie Mae is the owner of the Note. Plaintiff seeks declaratory relief specifying Plaintiff's and Defendant's rights and duties in connection with the Note. When factual allegations are made indicating that two parties may be asserting ownership of the Note, which necessarily also affects whether a party representing itself to be the servicer has authority to act on behalf of the owner, dismissal at the pleading stage is not appropriate. *See, e.g.*, <u>Henry v. Chase Home Fin., LLC</u>, No. Civ. A. H-11-0668, 2011 WL 6057505 at *5 (S.D. Tex. Dec. 6, 2012) (Rosenthal, J.) (denying defendant's motion to dismiss quiet title claim in which plaintiff alleged that defendant was neither the mortgagee nor the mortgage servicer, which the Court recognized as a factual and not a conclusory allegation); <u>Shelton v. Flagstar Bank, F.S.B.</u>, Civ.A. H-11-3805, 2012 WL 1231756 at *2 (S.D. Tex. Apr. 12, 2012) (Smith, M.J.) (denying defendant's motion to dismiss because of confusion

9

as to the identity of the current mortgagee). Defendant's motion to dismiss these claims is therefore denied.

### III. <u>Order</u>

For the foregoing reasons, it is

ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (Document No. 6) is GRANTED in part and all Plaintiff's claims for relief based on alleged violations of the Texas Constitution, Article XVI, § 50(a), *et seq.*, are DISMISSED; and the motion is otherwise DENIED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 16TH day of October, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE