IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOKOMAREY MEAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION No. 4:12-0571 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| SUCCESSOR BY MERGER TO | § | |
| BAC HOME LOANS SERVICING, LP, | § | |
| f/k/a COUNTRYWIDE HOME LOANS | § | |
| SERVICING, LP, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP's ("Defendant") Motion for Judgment on the Pleadings and Motion for Summary Judgment (Document No. 18). Pro se Plaintiff Sokomarey Meas ("Plaintiff") has filed no response to the motion, and it is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully considering the motion and applicable law, the Court concludes that the motion should be granted.

I. Background

The background for this case is set out in the Memorandum and Order signed October 12, 2012, in which all of Plaintiff's claims were dismissed except for her contention that Defendant may not be the noteholder with the right to foreclose the lien on Plaintiff's

home. Defendant now moves for summary judgment and presents evidence of its ownership of the Note and Deed of Trust.

## II. Discussion and Analysis

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

2

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

Defendant's evidence consists of a Declaration from its Assistant Vice-President, Alethea Espino, stating that Defendant is the owner of the Note and Deed of Trust and verifying that the attached copies of those documents were kept in the regular course of Defendant's business.[1] Plaintiff has presented no controverting evidence or reason to doubt the trustworthiness of Defendant's evidence, and Defendant has therefore established as a matter of

---

[1] Document No. 18-1.

law that it is the owner of the Note and Deed of Trust, with the right to foreclose on the property. Accordingly, Defendant is entitled to summary judgment denying Plaintiff's remaining claim.

### III.  Order

For the foregoing reasons, it is

ORDERED that Defendant Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP's Motion for Judgment on the Pleadings and Motion for Summary Judgment (Document No. 18) is GRANTED and Plaintiff Sokomarey Meas's claims against Defendant are DISMISSED with prejudice.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 22d day of May, 2013.

*[signature]*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE